**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| SOLMARIS MOHANSINGH, | |
|                        Plaintiff, | 2006-CV-0146 |
|     v. | |
| HYANNIS AIR SERVICE, INC. d/b/a CAPE AIR/NANTUCKET AIRLINES, | |
|                        Defendant. | |

TO:   Darwin K. Carr, Esq.
        Chad C. Messier, Esq.

**ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR DISCOVERY**

THIS MATTER came before the Court upon Defendant's Motion For Summary Judgment (Docket No. 11) and Plaintiff's Motion For Discovery to Respond to Defendant's Motion For Summary Judgment Pursuant to Rule 56(f) (Docket No. 9). A hearing was held September 13, 2007. Darwin K. Carr, Esq., represented Plaintiff. Chad C. Messier, Esq., appeared on behalf of Defendant. The undersigned enters the following ruling pursuant to the parties' Consent to Jurisdiction by Magistrate Judge (Docket No. 17).

Plaintiff commenced this action, on November 17, 2006, for personal injuries she alleges she suffered as a result of a fall upon exiting Defendant's aircraft in Vieques, Puerto

*Mohansingh v. Hyannis Air Service, Inc.*
2006-CV-0146
Order Regarding Defendant's Motion For Summary Judgment and Plaintiff's Motion For Discovery
Page 2

Rico, on April 9, 2005. In her affidavit in support of her motion for discovery, Plaintiff states, "After passengers boarded the flight, the attendant had trouble closing the bottom portion of the aircraft's door . . . ." Affidavit at para. 4. Plaintiff continues, "When I attempted to exit the aircraft in Vieques, something (a loose screw and/or fastener) protruding from the bottom portion of the aircraft's door caught my clothing causing me to tumble out of the aircraft onto the airport's tarmack [sic]" *Id.* at para. 5.

Defendant argues that, according to the Restatement (Second) Conflict of Laws, because Plaintiff's alleged injury occurred in Puerto Rico the law of Puerto Rico controls. Under Puerto Rico law, the statute of limitations for personal injury causes of action is one (1) year. Plaintiff filed her claim over one (1) year after the injury occurred. Defendant claims that Plaintiff's action is time-barred and, therefore, that it is entitled to summary judgment.

Plaintiff maintains that the Restatement (Second) Conflict of Laws considers where the conduct causing the injury occurred as well as the jurisdiction in which the actual injury occurred. Plaintiff believes that the conduct causing her injury occurred in St. Croix, and requests discovery pursuant to Fed. R. Civ. P. 56(f) for evidence to support that belief.

As both parties acknowledge, the Restatement (Second) Conflict of Laws applies to this matter. V.I. Code Ann. tit. 1 § 4. In *Berry v. American Airlines, Inc.*, No. Civ. 1996-0152,

*Mohansingh v. Hyannis Air Service, Inc.*
2006-CV-0146
Order Regarding Defendant's Motion For Summary Judgment and Plaintiff's Motion For Discovery
Page 3

2000 WL 34205757 at *2 (D.V.I. August 28, 2000), this Court held that "under the Restatement, actions for personal injuries are governed by the local law of the state where the injury occurred, unless some other state has a more significant relationship." *Id*. (citing *Benjamin v. Eastern Airlines, Inc.*, 18 V.I. 516, 519-20 (D.V.I. 1981) and Restatement (Second) Conflict of Laws § 146, comment d).

Plaintiff cites the factors outlined by the *Benjamin* court in determining whether some other state has a more significant relationship: "[t]he place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered." *Benjamin*, 18 V.I. at 520 (citing Restatement (Second) Conflict of Laws § 145). Plaintiff contends that the conduct causing the injury occurred in St. Croix; thus, St. Croix has the most significant relationship based upon that fact combined with Plaintiff's residence in St. Croix and the fact that St. Croix is where the parties' business relationship is centered.

However, it must be remembered that the "section 145 contacts 'must be balanced in accordance with their significance to the general principles under § 6(2)' of the Restatement." *In re Derailment Cases*, 416 F.3d 787 (8th Cir. 2005) (quoting *Malena v.*

*Mohansingh v. Hyannis Air Service, Inc.*
2006-CV-0146
Order Regarding Defendant's Motion For Summary Judgment and Plaintiff's Motion For Discovery
Page 4

*Marriott Int'l, Inc.*, 264 Neb. 759, 651 N.W.d 850, 857 (2002)).[1]  Those principles include "certainty, predictability and uniformity of result; and ease in the determination and application of the law to be applied."  Restatement (Second) Conflict of Laws § 6(2)(f) and (g).[2]  As comment e to Section 146, the section dealing specifically with actions for personal injury, states, "On occasion, conduct and personal injury will occur in different states. In such instances, the local law of the state of injury will usually be applied to determine most issues involving the tort."  Restatement (Second) Conflict of Laws § 146, comment e.  The main reason for this general rule is the fact that "[t]he place of injury is readily ascertainable.  Hence, the rule is easy to apply and leads to certainty of result."  *Id*.  Thus, even if Plaintiff can establish that the conduct causing the alleged injury occurred in St. Croix, the Court finds that Plaintiff cannot overcome the presumption articulated in Section 146.

---

1. Section 145 specifically provides, "The rights and liabilities of the parties . . . are determined by the local law of the state which . . . has the most significant relationship to the occurrence and the parties *under the principles stated in § 6*."  Restatement (Second) Conflict of Laws § 145 (1) (emphasis added).  Section 146 similarly provides, "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship *under the principles stated in § 6* . . . ."  Restatement (Second) Conflict of Law § 146 (emphasis added).

2. The Court finds that the principles listed in subparagraphs (a) -(e) are of relative insignificance in this matter.  *See* Restatement (Second) Conflict of Laws §145 comment b.

*Mohansingh v. Hyannis Air Service, Inc.*
2006-CV-0146
Order Regarding Defendant's Motion For Summary Judgment and Plaintiff's Motion For Discovery
Page 5

In addition, the Court finds that the facts and arguments presented in this matter are similar to those presented to the Virgin Islands Superior Court in *Dowling v. Executive Airlines, Inc.*, SX-05-CV-776, where the court found no significant relationship to this jurisdiction, applied Puerto Rico law, and dismissed the case. Order, *Dowling*, SX-05-CV-776 (V.I. Sup. Ct. May 23, 2007). Thus, the Court finds that Puerto Rico law applies.

The *Benjamin* court held that the Puerto Rico one (1) year statute of limitations is substantive and must be applied. 18 V.I. at 520-22. This holding was followed in *Berry*. 2000 WL 34205757 at *3. Plaintiff's alleged injury in this matter occurred on April 9, 2005. The above-captioned matter was filed on November 17, 2006. Consequently, this matter is time-barred and must be dismissed.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion For Summary Judgment (Docket No. 11) is **GRANTED**.

2. Plaintiff's Motion For Discovery to Respond to Defendant's Motion For Summary Judgment Pursuant to Rule 56(f) (Docket No. 9) is **DENIED AS MOOT**.

3. This matter is **DISMISSED WITH PREJUDICE**.

*Mohansingh v. Hyannis Air Service, Inc.*
2006-CV-0146
Order Regarding Defendant's Motion For Summary Judgment and Plaintiff's Motion For Discovery
Page 6

ENTER:

Dated: September 18, 2007                              /s/
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE